UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TYLER RAY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-26-TLS |
| | ) | |
| DARREN KIMBRELL, DAVID HOWE, | ) | |
| and ALLEN PAVEL, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Tyler Ray Brown, a prisoner proceeding pro se, filed a Complaint [ECF No. 1] against three officers based on events that occurred while he was housed in the Steuben County Jail as a pre-trial detainee. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Plaintiff alleges that Defendant Officer Darren Kimbrell heard a fellow inmate call the Plaintiff a racial slur on December 2, 2017. The Plaintiff then asked Officer Kimbrell if he was "just gonna let him call me that?" (Compl. at 2, ECF No. 1.). In response, Officer Kimbrell asked, "Are YOU just gonna let him call you that?" *Id.* The next week, on December 8, 2017, the

Plaintiff fought with another inmate after the inmate used the same racial slur towards him. The Plaintiff also alleges Officer Kimbrell said he was watching the Plaintiff shave on January 2, 2018, because he is black. While "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws[,]" *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), comments that increase the likelihood of assault may be actionable. *See Beal v. Foster*, 803 F.3d 356, 357–59 (7th Cir. 2015). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Supreme Court has explained that "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 561). Therefore, the Plaintiff has sufficiently stated a claim against Officer Darren Kimbrell for violating his Fourteenth Amendment rights.

The Plaintiff also alleges that Defendant Officer David Howe dragged him into his cell by his ankles on December 9, 2017, after the Plaintiff complied with an order to get down on the floor. After that, Defendant Officer Allen Pavel stepped on his shoulder. After the Plaintiff crawled out of his cell, Officer Pavel climbed on his back and Officer Howe grabbed his arms before they both repeatedly punched him in the face and neck while kneeing him in the ribs. These allegations also state a claim for violation Brown's Fourteenth Amendment rights.

## CONCLUSION

For the foregoing reasons, the Court:

(1)  GRANTS Tyler Ray Brown leave to proceed against Darren Kimbrell in his individual capacity for compensatory and punitive damages for promoting an environment of racial hatred which resulted in his fighting with another inmate on December 8, 2017, either to punish Brown or for a reason not rationally related to a legitimate nonpunitive governmental purpose in violation of the Fourteenth Amendment;

(2)  GRANTS Tyler Ray Brown leave to proceed against David Howe and Allen Pavel in their individual capacities for compensatory and punitive damages for using force against him on December 9, 2017, either to punish Brown or for a reason not rationally related to a legitimate nonpunitive governmental purpose or excessively in relation to a legitimate purpose in violation of the Fourteenth Amendment;

(3)  DISMISSES all other claims;

(4)  DIRECTS, pursuant to 28 U.S.C. § 1915(d), the United States Marshals Service to effect service of process on Defendants Darren Kimbrell, David Howe, and Allen Pavel at the Steuben County Jail; and

(5)  ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Darren Kimbrell, David Howe, and Allen Pavel to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Court has determined that the Plaintiff has stated a claim for relief.

SO ORDERED on May 29, 2018.

s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT